UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL HERRNSON,
                Plaintiff,

-v-

STEVEN HOFFMAN, et al.,
                Defendants.

19-CV-7110 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On July 30, 2019, Samuel Herrnson brought this *pro se* action against Steven Hoffman, Mark Hoffman, and Hoffman Management[1] (collectively, "Defendants"), alleging that they violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*. Defendants have moved to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 18.) However, since the principal basis for Defendants' motion concerns the provisions of a general release that the parties allegedly executed in 2018 — a release that is not mentioned anywhere in the complaint — the Court will convert the motion to dismiss into a motion for summary judgment and allow the parties "to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

In deciding a Rule 12 motion, a court may consider only "the complaint itself or any matters that are subject to judicial notice by the court." *Allen v. Chanel Inc.*, No. 12-CV-6758, 2013 WL 2413068, at *4 (S.D.N.Y. Jun. 4, 2013). "When extraneous materials are presented to the court in conjunction with a Rule 12 motion," the court must, in its discretion, "either exclude these materials or convert the motion to one for summary judgment." *Id.* (citing Fed. R. Civ. P.

---

[1] Although Hoffman Management is not listed as a defendant in the complaint, the Court has construed the complaint as asserting claims against the company. (*See* Dkt. No. 5 at 2.)

12(d)). Materials are extraneous where they are not "incorporated in, or integral to, the Plaintiff's Complaint." *Id.* at *5. "Before converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, a district court must give 'sufficient notice to [the non-moving] party and an opportunity for that party to respond.'" *Id.* at *7 (quoting *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995)).

Here, the fundamental issue in Defendants' motion is whether Herrnson released his claims of discrimination.[2] (*See* Dkt. No. 19 at 5-7.) To make a determination one way or the other, the Court must decide whether the release governs "and whether Plaintiff waived [his] rights to bring suit on [his] claims knowingly, willfully, and voluntarily." *Allen*, 2013 WL 2413068, at *5 (citing *Bormann v. AT & T Communications, Inc.*, 875 F.2d 399, 402 (2d Cir. 1989)). But the Court is not in a position to assess these issues on a Rule 12(b)(6) motion because the release is neither incorporated in, nor integral to, Herrnson's complaint. The release is not incorporated in the complaint because the complaint contains no "clear, definite, and substantial reference" to the release. *See id.* In fact, the complaint does not mention the release at all. The release is not integral to the complaint, meanwhile, because it does not "relate to the substance of Plaintiff's discrimination claims." *Id.* at *6.

---

[2] Defendants also include two additional arguments in their motion to dismiss: (1) that Herrnson "failed to exhaust administrative remedies prior to commencing [the] action," and (2) that the ADEA does not allow for individual liability, or for punitive or compensatory damages. (*See* Dkt. No. 19 at 8-10.) The first of these is a misstatement of the law. Defendants argue that Herrnson cannot assert a discrimination claim without first receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 8.) But the ADEA "does not require an aggrieved party to receive a right-to-sue letter from the EEOC before filing suit in federal court." *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 563 (2d Cir. 2006). The plaintiff need only wait 60 days after filing the EEOC charge, which Herrnson did. *See* 29 U.S.C. § 626(d)(1). The second argument applies only to the individual defendants, and thus would not wholly dispose of Herrnson's discrimination claim. The Court concludes that it is most efficient, therefore, to defer consideration of this argument to a converted motion for summary judgment.

To assess the nature of the release and its implications for Herrnson's discrimination claim, the Court hereby converts Defendants' motion to dismiss into one for summary judgment.

If there are additional facts outside the pleadings that the parties wish the Court to consider, the parties may submit any supporting affidavits or declarations (statements sworn under penalty of perjury) or exhibits, provided that they do so by **December 4, 2020**. The parties need not re-submit copies of affidavits or exhibits that they have already filed with the Court (such as the documents attached to Plaintiff's memorandum in opposition to Defendants' motion to dismiss the complaint). Each party may also file, by the same date, a letter not exceeding five single-spaced pages explaining (1) the party's position on why there is or is not a genuine dispute of material fact on the release issue, and (2) whether any additional discovery is necessary on the issue and, if so, the categories of discovery sought.

For the foregoing reasons, Defendants' motion to dismiss is denied without prejudice to renewal as a motion for summary judgment.[3]

The Clerk of Court is directed to terminate the motion at Docket Number 18.

SO ORDERED.

Dated: October 28, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*

---

[3] Because the Court is converting Defendants' Rule 12(b)(6) motion into a targeted motion for summary judgment on the release issue, it is not necessary for Defendants to file a formal motion under Rule 56 at this time.