UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL HERRNSON,
                       Plaintiff,

-v-

STEVEN HOFFMAN, *et al.*,
                       Defendants.

19-CV-7110 (JPO)

OPINION & ORDER

---

J. PAUL OETKEN, District Judge:

On July 30, 2019, Plaintiff Samuel Herrnson, proceeding *pro se*, brought this age discrimination case against Defendants Steven Hoffman, Mark Hoffman, and Hoffman Management, his former employers. (Dkt. No. 2.) In his complaint, Herrnson claims that Defendants created a hostile work environment and terminated him on the basis of his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). On November 11, 2019, Defendants filed a motion to dismiss Herrnson's case based on a general release that Herrnson had signed on December 11, 2018, but that Herrnson had not mentioned in his complaint. (Dkt. No. 18.) Mindful of Federal Rule of Civil Procedure 12(d), the Court converted Defendants' motion to dismiss into a motion for summary judgment and afforded the parties an opportunity to engage in limited discovery regarding the existence and validity of the general release. (Dkt. No. 29.) The Court now resolves, and denies, the converted motion for summary judgment.

**I.    Legal Standard**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v.*

1

*Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "On summary judgment, the party bearing the burden of proof at trial must provide evidence on each element of its claim or defense." *Cohen Lans LLP v. Naseman*, No. 14-cv-4045, 2017 WL 477775, at *3 (S.D.N.Y. Feb. 3, 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). "If the party with the burden of proof makes the requisite initial showing, the burden shifts to the opposing party to identify specific facts demonstrating a genuine issue for trial, *i.e.*, that reasonable jurors could differ about the evidence." *Clopay Plastic Prods. Co. v. Excelsior Packaging Grp., Inc.*, No. 12-cv-5262, 2014 WL 4652548, at *3 (S.D.N.Y. Sept. 18, 2014). The Court must view all evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor," and summary judgment may be granted only if "no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin,* 64 F.3d 77, 79 (2d Cir. 1995) (internal quotation marks and citations omitted).

**II.     Discussion**

In their motion for summary judgment, Defendants argue that Herrnson executed an Agreement and General Release ("the Agreement") on December 11, 2018, that waived his right to bring an ADEA claim in exchange for $16,000. (Dkt. No. 20-2.) Defendants also argue that Herrnson cannot maintain claims against Defendants Steven Hoffman and Mark Hoffman because the ADEA does not provide for individual liability. Herrnson counters that the Agreement was the product of economic duress and that he brings New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") claims against the individual defendants. The Court concludes that there are genuine disputes of material fact that preclude summary judgment.

Under New York law, "[a] contract may be voided on the ground of economic duress where the complaining party was compelled to agree to its terms by means of a wrongful threat

which precluded the exercise of its free will." *Stewart M. Muller Const. Co., Inc. v. New York Tel. Co.*, 40 N.Y.2d 955, 956 (1976). This is a high bar, and a party seeking to void a contract based on duress cannot merely point to "the pressure of his own financial circumstances." *Lamberti v. Motorola Sols., Inc.*, No. 12-cv-2472, 2014 WL 1224501, at *12 (S.D.N.Y. Mar. 24, 2014). Instead, the party must identify some "threatening conduct" that was "outside [the defendant's] legal rights." *Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 142 (2d Cir. 2011). Here, Herrnson identifies conduct on behalf of Defendants that both would be unlawful and would have deprived Herrnson of his ability to "walk[] away from the transaction" offered by Defendants. *Sitar v. Sitar*, 61 A.D.3d 739, 742 (2d Dep't 2009).

Herrnson contends that, in September 2018, he met with Defendant Mark Hoffman, who learned that Herrnson was $16,000 behind on rent.[1] (Dkt. No. 25 at 2.) Defendant Mark Hoffman represented that he was "worth roughly $90,000,000" and that he wanted Herrnson to "view Hoffman Management as the place to be for the remainder of his career." (Dkt. No. 25 at 2–3.) He offered to give Herrnson the $16,000 to ease the financial burden for his family. (*Id*.) Defendant Mark Hoffman then provided Herrnson with a $16,000 check that stated "Loved" in the memo line. (Dkt. No. 25 at 3.) Defendants "never" again raised the issue of the check, and Herrnson put the $16,000 in an escrow account in anticipation of a legal dispute with his landlord. (Dkt. No. 25 at 4–5.)

On November 6, 2018, Herrnson was terminated by Defendants. (Dkt. No. 20-2 at 1.) He was also embroiled in litigation with his landlord and had an upcoming hearing on December

---

[1] Because "[a] document filed *pro se* is to be liberally construed," the Court treats the 121-page document filed by Herrnson as his opposition to the motion to dismiss as a declaration relevant to the motion for summary judgment. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Such treatment is particularly appropriate here, where Herrnson's filing includes a litany of supporting scans, contracts, and affidavits.

3

21, 2018, that could determine whether he and his family would be evicted.  (Dkt. No. 25 at 4, 6.)  On November 30, 2018, Defendant Mark Hoffman contacted Herrnson's escrow account manager and informed her that the $16,000 was a loan "conditioned upon [Herrnson's] continued employment with Hoffman Management."  (Dkt. No. 30-1.)  Defendant Mark Hoffman told the escrow account manager that because "Herrnson is no longer employed at Hoffman Management . . . , payment of the loan is due immediately" and that she could "not release escrow funds" to Herrnson.  (*Id*.)  According to Herrnson, the escrow account was frozen on December 5, 2018.  (Dkt. No. 25 at 6.)  The next day, Defendants sent Herrnson the Agreement, which provides that, "[i]n consideration for signing and not revoking this Agreement, . . . Employer agrees to acknowledge that the . . . check from Mark Hoffman to Employee was denoted . . . as a gift entitled 'Loved.'"  (Dkt. No. 20-2 at 1.)  Herrnson signed the agreement, and the escrow moneys were released.

      Altogether, Herrnson paints a narrative of Defendants attempting to take back gifted money — thereby jeopardizing Herrnson's housing situation — to strongarm him into waiving his rights under the ADEA.  Under this narrative, Defendants could not lawfully reclaim the $16,000 and have Herrnson's escrow account frozen; it is axiomatic that a gift is irrevocable.  *See Bader v. Digney*, 55 A.D.3d 1290, 1291 (4th Dep't 2008).  Furthermore, the threat of eviction is the kind of pressure that can give rise to duress.  *See, e.g., R.N.H. Mgmt. Co. v. David Silver, Inc.*, 24 A.D.2d 869, 869 (2d Dep't 1965).  At trial, Defendants may challenge the accuracy of Herrnson's account and may argue that the memo line of the $16,000 check actually reads "Loan."  (Dkt. No. 30 ¶ 4.)  But discounting Herrnson's recollection of the events at this stage of the litigation, and crediting Defendants' recollection, would require an impermissible credibility determination.

It bears mention that, under his narrative, Herrnson has not ratified the Agreement. He has neither "intentionally accept[ed] benefits under the contract" nor "acquiesc[ed] in the contract for a period of time after he ha[d] the opportunity to avoid it." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 123 (2d Cir. 2001) (internal quotation marks and citation omitted). If Herrnson's account is correct, the $16,000 was his to take. The Agreement afforded him nothing, aside from Defendants' cessation of their bad-faith effort to freeze his escrow account. *See Halliwell v. Gordon*, 61 A.D.3d 932, 934 (2d Dep't 2009) ("[F]orbearance to do an act that a person *has a legal right to do* constitutes consideration" (emphasis added)). Additionally, Herrnson promptly repudiated the Agreement by preparing and filing an ADEA claim against Defendants.

Finally, Herrnson's claims against the individual defendants, Defendants Steven and Mark Hoffman, survive.[2] As Herrnson argues, the NYSHRL and NYCHRL prohibit age discrimination. Even though Herrnson did not check off these causes of action on his *pro se* employment discrimination complaint form (Dkt. No. 2 at 4), the form is to be construed broadly, as it is for use by *pro se* litigants, *see Smith v. New York City Dep't of Educ.*, No. 18-cv-8545, 2019 WL 6307471, at *12 (S.D.N.Y. Nov. 25, 2019). The NYSHRL and NYCHRL claims "will not be dismissed on the ground that they were first asserted in [Herrnson's] opposition brief." *Id*.

---

[2] Herrnson does not contest Defendants' argument that Defendants Steven and Mark Hoffman cannot be held liable under the ADEA, as opposed to state and local law. *See Wang v. Palmisano*, 51 F. Supp. 3d 521, 537 (S.D.N.Y. 2014) ("[C]ourts in this circuit have consistently held that the ADEA does not impose liability on individuals.").

For the foregoing reasons, Defendants' motion for summary judgment (converted from a motion to dismiss) is DENIED.

Defendants shall answer the Complaint within 21 days after the date of this Opinion and Order.

SO ORDERED.

Dated: August 24, 2021
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

Copy sent to Plaintiff by email at
Samuel.Herrnson@gmail.com