UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL HERRNSON,
                    Plaintiff,

    -v-

STEVEN HOFFMAN, *et al.*,
                    Defendants.

19-CV-7110 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

*Pro se* Plaintiff Samuel Herrnson brought this action against Defendants Steven Hoffman, Mark Hoffman, and Hoffman Management, alleging age-based discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), codified at 29 U.S.C. §§ 621, *et seq.*; the New York State Human Rights Law (NYSHRL), codified at N.Y. Exec. Law §§ 290 *et. seq.*; and the New York City Human Rights Law (NYCHRL), codified at N.Y.C. Admin. Code §§ 8-101, *et seq.*[1] (ECF No 2.)  Pending before the Court is Defendants' motion for summary judgment on Herrnson's claims and Defendants' state-law counterclaims for fraud in the inducement (first counterclaim); breach of contract (second counterclaim); and unjust enrichment (third counterclaim).  (ECF No. 61.)  For the reasons that follow, Defendants' motion for summary judgment is granted with respect to Herrnson's ADEA and NYSHRL claims. Herrnson's NYCHRL claim and Defendants' counterclaims are dismissed without prejudice to refiling in New York state court.

---

[1] While Herrnson asserted his NYSHRL and NYCHRL claims for the first time in his opposition to Defendants' motion to dismiss, rather than on the *pro se* complaint form, the Court permitted those claims to proceed.  *Herrnson v. Hoffman* ("*Herrnson I*"), No. 19-CV-7110 (JPO), 2021 WL 3774291, at *3 (S.D.N.Y. Aug. 24, 2021).

1

I.   **Background**[2]

Plaintiff Samuel Herrnson worked for Defendant Hoffman Management, a New York City property management company, as a property manager from June 4, 2018, through November 9, 2018. (ECF No. 65 ¶¶ 1, 3.) He was 59 years old during this period of employment. (*Id.*) Hoffman Management is run by two brothers, Mark Hoffman and Steven Hoffman. (*Id.* ¶ 3.) After both Hoffmans met with Herrnson, they hired him to work as a property manager. (*Id.* ¶ 8.) They were both aware of his age when they hired him. (*Id.*)

At some point — the parties dispute the date — Mark Hoffman became aware that Herrnson was in financial distress. (*Id.* ¶ 10; ECF No. 75 ¶ 10.) Herrnson was behind on rent and his landlord had filed suit for arrears, putting Herrnson and his family in danger of eviction. (ECF No. 65 ¶ 11.) After learning of Herrnson's situation, Mark Hoffman wrote him a check for the amount that he was in arrears: $16,000. (*Id.* ¶ 12.) The parties dispute the nature of the check: Herrnson describes it as a gift, arguing that the endorsement on the check says "Loved." (ECF No. 75 ¶ 12.) Defendants describe it as a loan conditioned on Herrnson's continued employment at Hoffman Management and contend that the endorsement says "For Loan." (ECF No. 65 ¶¶ 12-14.)

The catalyst for the present dispute was Herrnson's decision to leave the Hoffman office early on November 7, 2018, without notifying the Hoffmans or his coworkers. (*Id.* ¶¶ 2, 15-18.) Herrnson did not report to work on the following day, November 8, and did not advise his supervisors or coworkers of his whereabouts. (*Id.*) On November 9, Mark Hoffman sent Herrnson an email informing him that he was terminated because he had abandoned the job.

---

[2] The facts set forth here are taken from the parties' Rule 56.1 Statements and the record evidence cited in those Statements. (*See* ECF Nos. 65 (Defendants' Statement); 75 (Plaintiff's Statement).) These facts are undisputed unless otherwise noted.

(*Id.*; ECF No. 63 ¶¶ 10-12.)  Herrnson had deposited the $16,000 into an escrow account maintained by an attorney that Hoffman Management regularly hired for its real estate matters.  (ECF No. 65 ¶ 19.)  After terminating Herrnson, Mark Hoffman served a restraining notice on the escrow agent, who froze Herrnson's account.  (*Id.*)

In December 2018, Herrnson and Defendants executed an Agreement and General Release Form (the "General Release"): Herrnson gave up his right to bring suit against Defendants pursuant to the ADEA, the NYSHRL, and the NYCHRL, among other statutes; Defendants agreed to treat the $16,000 as a gift and to allow it to be released from the escrow account.  (ECF No. 62-6.)  Herrnson later argued that he signed the agreement under duress.  (ECF No. 65 ¶ 26.)

Herrnson filed his complaint on July 30, 2019.  (ECF No. 2.)  On November 11, 2019, Defendants filed their motion to dismiss, raising the issue of the General Release for the first time.  (ECF No. 18.)  On August 24, 2021, the Court converted that motion into a motion for summary judgment, in accordance with Federal Rule of Civil Procedure 12(d), and denied it in its entirety.  *Herrnson I*, 2021 WL 3774291, at *3 (ECF No. 33.)

**II.     Legal Standard**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 49 (2d Cir. 2009) (internal quotation marks omitted).  In determining whether there is a genuine issue of material fact, the Court must view all facts "in the light most favorable to the non-moving party and [ ] resolve all ambiguities and draw all reasonable

inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (citation omitted). The moving party, however, "may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223–24 (2d Cir. 1994) (citation omitted). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Id.* (citation omitted).

Courts must be "particularly cautious" in granting summary judgment to an employer in a discrimination case when the employer's intent is in question. *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (citation omitted). And "[b]ecause direct evidence of an employer's discriminatory intent will rarely be found, affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Id.* (citation omitted). Nonetheless, "a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." *Id.* "A plaintiff cannot survive summary judgment on . . . ADEA claims if he has failed to adduce sufficient evidence from which a rational factfinder could find that he had been fired because of his protected characteristics." *Moorehead v. New York City Transit Auth.*, 157 F. App'x 338, 339 (2d Cir. 2005).

### III. Discussion

#### A. Age Discrimination in Employment Act

As a threshold matter, while there remains a genuine dispute as to whether Herrnson signed the General Release under duress, that issue does not present a material fact at this point because it does not affect the outcome of his ADEA claim. Even if the Court were to conclude

4

that Herrnson has not waived his right to bring this suit, Defendants are entitled to judgment as a matter of law on Herrnson's ADEA claim.

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In the Second Circuit, ADEA claims are analyzed under the *McDonnell-Douglas* burden-shifting standard. *See, e.g.*, *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 91 (2d Cir. 2001). Under *McDonnell-Douglas*, a plaintiff must first make out a prima facie case of discrimination by demonstrating that he was (1) within the protected age group (40 years or older); (2) qualified for the position; (3) discharged or otherwise subject to an adverse employment action; and (4) that the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination. *Id.*; *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010). "[T]he plaintiff's burden of establishing a prima facie case in a discrimination suit is *de minimis*." *Green v. Town of E. Haven*, 952 F.3d 394, 404 (2d Cir. 2020) (citation omitted). Once the plaintiff has established his prima facie case, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for its actions. *Id.* If the defendant meets that burden, then the plaintiff must prove that the defendant's purportedly nondiscriminatory reason is, in fact, pretextual. *Id.* Finally, an ADEA plaintiff must prove that age was the but-for cause of the employer's adverse employment action. *See, e.g.*, *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021) (citing *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 174 (2009)).

Here, it is uncontested that the only Defendant that may be held liable under the ADEA is the corporate entity, Hoffman Management. *See Wang v. Palmisano*, 51 F. Supp. 3d 521, 537

(S.D.N.Y. 2014) ("[C]ourts in this circuit have consistently held that the ADEA does not impose liability on individuals.").

### 1.  Prima Facie Case

Herrnson has satisfied the first three elements in support of his prima facie case: he was 59 years old during the events in question; he was sufficiently qualified for the position[3]; and he was terminated from his job. The fourth element, then, is the only one in dispute. Herrnson's main contention is that two fellow property managers, who were twenty-eight and thirty years old, were not subject to the same adverse treatment that he was. (*See* ECF No. 74 at 6.) While a plaintiff may satisfy the inference of discrimination prong of his prima facie case by showing that he was treated "less favorably than a similarly situated employee outside his protected group," *Ruiz v. County of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010) (citation omitted), Herrnson fails to do so here. An employee is similarly situated to a discrimination plaintiff if they were "(1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Id.* at 494 (citation omitted). The comparator must be "similarly situated to the plaintiff in all material respects" — meaning that the plaintiff and the comparator must have engaged in the same or similar misconduct. *Id.* (citation omitted). The misconduct that led to Herrnson's termination was his failure to report to work; Herrnson has not argued that his would-be comparators also failed to report to work in the same manner while avoiding any sanction for doing so.

In his deposition, Herrnson stated that Hoffman Management's discriminatory intent is apparent from their treatment of him during his employment, specifically a "volatile" working

---

[3] While Defendants note that Herrnson had no experience in property management at the time of his hiring, they do not make any substantive argument that he was not qualified for the position. (*See* ECF No. 64 at 3 n.2.)

6

environment and an age-related comment from Steven Hoffman.  (ECF No. 62-4 at 92-94.) More specifically, Herrnson recounts an occasion when Steven Hoffman grew frustrated that he did not have adequate knowledge of how a boiler operates, derisively telling Herrnson, "School's out."  (*Id.* at 93:14-25.)  Herrnson interpreted this as a "humiliating, condescending" age-related comment.  (*Id.*; *id.* at 94:2-3.)  The Second Circuit has ruled, however, that a "one-off comment" such as this one is the type of 'stray remark' that is insufficient to support an inference of discriminatory intent.  *Naumovski v. Norris*, 934 F.3d 200, 216 (2d Cir. 2019).  *See also Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001) ("[S]tray remarks of a decision-maker, without more, cannot prove a claim of employment discrimination[.]").

Additionally, Defendants emphasize that Mark Hoffman hired Herrnson (jointly with Steven Hoffman) and was also the person who ultimately fired him.  In the Second Circuit, the fact that the same actor both hired and fired a plaintiff is "a highly relevant factor in adjudicating a motion for summary judgment on an ADEA claim," because it "strongly suggest[s] that invidious discrimination was unlikely" as "it is difficult to impute to [him] an invidious motivation that would be inconsistent with the decision to hire."  *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000) (quoting *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997)).  This fact, therefore, weighs against Herrnson's argument that the circumstances of his termination support an inference of discrimination.  That is particularly so given the short period of time between Herrnson's hiring and his termination.

Herrnson has offered no evidence that would support an inference that Hoffman Management terminated him due to his age.  He has therefore failed to carry his burden to establish a prima facie case of employment discrimination under the ADEA.

### 2. Legitimate, Non-Discriminatory Justification

Even assuming, *arguendo*, that Herrnson had satisfied the four elements to make out a prima facie case of age discrimination, Hoffman Management has produced a legitimate, non-discriminatory reason for terminating him: his decision to leave work early on November 7 and failure to report to work on November 8, each without notice to his supervisors or colleagues.[4] At this stage, Hoffman's burden "is one of production, not persuasion; it can involve no credibility assessment." *See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000) (citation omitted). Additionally, "Any legitimate, non-discriminatory reason will rebut the presumption triggered by the prima facie case. The defendant need not persuade the court it was motivated by the proffered reasons." *Cai v. Wyeth Pharms., Inc.*, No. 09 Civ. 5333, 2012 WL 933668, at *9 (S.D.N.Y. Mar. 19, 2012). Herrnson argues that Hoffman Management posted an advertisement for his position on November 6, implying that the company had resolved to terminate him even before he purportedly abandoned the job. (*See* ECF No. 74 at 4-5.) But even if Hoffman Management had already resolved to terminate Herrnson on November 6, it is still the case that his failure to report for work became a legitimate, non-discriminatory reason to terminate him on November 9.

Herrnson argues that the decision to terminate him "does not make any sense" given his job performance, which the Court interprets as an argument that Hoffman did not have a legitimate reason to terminate him. In other words, Herrnson argues that Hoffman's justification was pretextual.

---

[4] The parties dispute whether Herrnson also failed to report to work on November 9. (See ECF No. 65 ¶ 29, No. 75 ¶ 29.)

The strongest interpretation of Herrnson's argument[5] is that, in contrast to many of the cases that Defendants cite, Hoffman has not identified an official company policy stating that the failure to report to work or respond to outreach from the company would be construed as abandoning the job and deemed a fireable offense. *See, e.g.*, *Bourara v. New York Hotel Trades Council & Hotel Ass'n of New York City, Inc. Emp. Benefit Funds*, No. 17 Civ. 7895, 2020 WL 5209779, at *10 (S.D.N.Y. Sept. 1, 2020), *aff'd*, No. 20-3092, 2021 WL 4851384 (2d Cir. Oct. 19, 2021) (plaintiff terminated for legitimate reason where his failure to report to work violated stated company policy); *Brown v. The Pension Boards*, 488 F. Supp. 2d 395, 406 (S.D.N.Y. 2007) (plaintiff terminated for legitimate reason where he violated company policy requiring employees to call in if they were going to be absent for any reason).

In ADEA cases, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves,* 500 U.S. at 143. (cleaned up.)  In proving that his termination was pretextual, a plaintiff must show that the employer's stated justifications for his termination "were not its true reasons." *Id.* (citation omitted).  Here, Herrnson has pointed to no evidence that would permit a rational jury to determine that his failure to report to work, without notice, was anything other than the "true" reason for his termination.  Thus, while Hoffman Management may not have had a stated policy regarding job abandonment, Plaintiff has not put forth evidence that would support a conclusion that Hoffman's justification was pretextual. *Cf. Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) ("While we must ensure that employers do not act in a discriminatory fashion,

---

[5] The Court notes that "a document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

9

we do not sit as a super-personnel department that reexamines an entity's business decisions.") (citation omitted).

### B. NYSHRL and NYCHRL Claims

In the Second Circuit, NYSHRL claims are analyzed under the same framework as ADEA claims. *Downey v. Adloox, Inc.*, 789 F. App'x 903, 905 (2d Cir. 2019). Therefore, for the reasons discussed above, Defendants are entitled to summary judgment on Herrnson's NYSHRL claim.

In light of the dismissal of Herrnson's ADEA claim, the Court declines to exercise jurisdiction over the remaining NYCHRL claim. *See Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015) ("Of course, a federal court need not undertake such a review of a NYCHRL claim if, after disposition of the parallel federal claim, it declines to exercise pendent jurisdiction."); *Downey*, 2018 WL 5266875, at *9 ("When all of a plaintiff's federal-law claims are dismissed before trial, as here, a district court has discretion not to assert supplemental jurisdiction over any remaining state-law claims."). In general, "the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (internal quotation marks omitted). Here, as in *Downey*, "[j]udicial economy and convenience favored resolution of Plaintiff's NYSHRL claims because the substantive standards for liability under the [ADEA and NYSHRL] are coextensive." 2018 WL 5266875, at *9. But as for the NYCHRL claim, those same principles weigh against resolution in this Court and in favor of resolution in New York state court. As Judge Furman concluded in *Downey*:

10

> [G]iven the "the slow development of case law regarding the appropriate standard by which to evaluate NYCHRL claims at the summary judgment stage," *EEOC v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 835 (S.D.N.Y. 2013), the wholly separate and independent inquiry the Court would need to undertake in this "evolv[ing]" area of law, *see id.* at 835 n.6, and the parties' disinclination or failure to separately and adequately brief the NYCHRL claims,[6] the factors of convenience, comity, and judicial economy point in the other direction with regard to Plaintiffs' NYCHRL claims.

*Id. See also Yagudaev v. Credit Agricole Am. Servs., Inc.*, No. 18 Civ. 513, 2020 WL 583929, at *16 (S.D.N.Y. Feb. 5, 2020) (same result).

### C. Defendants' State Law Counterclaims

Defendants bring counterclaims for fraud in the inducement, breach of contract, and unjust enrichment. Having dismissed the sole federal claim in this matter, the Court likewise declines to exercise jurisdiction over Defendants' state-law counterclaims.[7] The values of judicial economy, convenience, fairness, and comity point toward resolution of these prototypical state-law contract claims in state court. *See, e.g.*, *Williams-Steele v. Trans Union*, No. 12 Civ. 0310, 2015 WL 576707, at *3 (S.D.N.Y. Feb. 10, 2015), *aff'd sub nom. Williams-Steele v. TransUnion*, 642 F. App'x 72 (2d Cir. 2016) (declining to extend jurisdiction over defendant's state-law counterclaims because the district court's choice to do so is purely discretionary).

## IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED with respect to Herrnson's ADEA and NYSHRL claims, and those claims are dismissed with

---

[6] Defendants' only argument relating to the NYCHRL is the erroneous assertion that NYCHRL claims are analyzed under the same standard as the ADEA and NYSHRL. (*See* ECF No. 64 at 14.) Plaintiff failed to raise any argument relating to the standards of the NYCHRL.

[7] Because the parties are all citizens of the State of New York, the Court lacks diversity jurisdiction over these claims. *See* 28 U.S.C. § 1332.

11

prejudice.  Herrnson's NYCHRL claim and Defendants' state law counterclaims are DISMISSED without prejudice to re-filing in state court.

      The Clerk of Court is directed to close the motion at ECF No. 61 and to close this case.

      SO ORDERED.

Dated: March 27, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge